McMANUS, Judge.
 

 i
 
 statement of the case
 

 The defendant Marcus Williams was indicted by a Jefferson Parish grand jury for the offenses of armed robbery, aggravated kidnapping and aggravated arson. He pled not guilty to the indictment on June 18, 2004. A second bill of information was filed on November 15, 2004 which contains a handwritten notation indicating that another bill would be filed and that the defendant would be arraigned on all charges. A second amended bill of information was filed on November 29, 2004. The record does not show that the defendant was re-arraigned after the corrected bill of information was filed. However, a failure to arraign the defendant is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty. LSA-C.Cr.P. art. 555.
 

 On June 20, 2006, the defendant proceeded to trial on the armed robbery and kidnapping charges. After hearing testimony, a twelve-person jury found him guilty as charged. The State dismissed the arson charge after the guilty verdicts were returned.
 

 On August 4, 2006, the defendant was sentenced to 75 years at hard labor for the armed robbery and to life in prison on the aggravated kidnapping. With the |aassistance of retained appellate counsel, he now appeals his convictions and sentences. The defendant filed a pro se assignment of error on August 18, 2008.
 

 FACTS
 

 The victim, Owen Santiago, testified that two years earlier, on April 14, as he drove his car into his driveway, four men entered his car, three of whom were armed. The men wanted money and took his jewelry. One of the kidnappers, later identified as the defendant, told him that he would be released if he had an ATM card or could call someone to give them money. Santiago thought he was going to die. He knew
 
 *529
 
 one of the people who grabbed him, Marcus, because he had gone to school with him. The kidnappers took his earrings, chain, and bracelet. The kidnappers took Santiago out of his car and threatened to beat him if he did not cooperate. One of them said they would kill him and put his body in a dumpster. The kidnappers took the spare tire out of the trunk, put Santiago inside, and resumed driving.
 

 The victim struggled to escape the trunk. As the car turned on the service road near Clearview, the victim was able to jump out. He ran to a nearby service station to call the police. Santiago described the routes taken during the kidnapping. Upon retracing these locations, the police recovered the spare tire where it had been discarded, as well as the victim’s shoes which had been lost as he jumped from the trunk.
 

 At trial, the victim positively identified the defendant as the man who had been in the front passenger seat of his car. He had gone to grammar and high school with him and knew the defendant “pretty good.” The victim was absolutely positive that Marcus Williams was one of the men in the car.
 

 DISCUSSION
 

 |4In this appeal, the defendant raises two assignments of error: the court erred by not granting his motion to suppress and that the evidence was insufficient to support his conviction. On appeal, when issues relate to both the sufficiency of the evidence and other trial errors, the reviewing court should first determine the sufficiency of the evidence.
 
 State v. Hearold,
 
 603 So.2d 731, 734 (La.1992). Therefore, the defendant’s second assignment of error raising a question of the sufficiency of the evidence will be addressed first.
 

 Assignment of Error Number Two
 

 In his second assignment of error, defendant argues the evidence submitted at trial was insufficient to prove he committed the crime with which he was charged beyond a reasonable doubt.
 

 In reviewing claims challenging the sufficiency of the evidence or identification, an appellate court must consider “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
 

 In addition to proving each statutory element of the crime charged, the State must prove the identity of the perpetrator.
 
 State v. Vasquez,
 
 98-898 (La.App. 5 Cir. 2/10/99), 729 So.2d 65, 69. Where the key issue is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof.
 
 Id.
 

 “Positive identification by only one witness is sufficient to support a conviction.”
 
 State v. Williams,
 
 02-645 (La.App. 5 Cir. 11/26/02), 833 So.2d 497, 503,
 
 unit denied,
 
 02-3182 (La.4/25/03), 842 So.2d 398. All evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant | rjs guilty beyond a reasonable doubt.
 
 State v. Jupiter,
 
 06-93, p. 6 (La.App. 5 Cir. 6/28/06), 934 So.2d 884, 888. The determination of the weight of evidence is a question of fact that rests solely with the trier-of-fact.
 
 State v. Upchurch,
 
 00-1290, p. 4 (La.App. 5 Cir. 1/30/01), 783 So.2d 398, 402. If there is a conflict in the testimony, the trier-of-fact may accept or reject, in whole or in part, the testimony of any witness.
 
 State v. Addison,
 
 00-1730, p. 4 (La.App. 5 Cir. 5/16/01), 788 So.2d 608,
 
 *530
 
 613,
 
 unit denied,
 
 01-1660 (La.4/26/02), 814 So.2d 549. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier-of-fact, is sufficient to convict.
 
 Id.
 

 These principles are illustrated in
 
 State v. Cowart,
 
 01-1178 (La.App. 5 Cir. 3/26/02), 815 So.2d 275,
 
 mit denied,
 
 02-1457 (La.5/9/03), 843 So.2d 387. In
 
 Co-wait,
 
 there was no physical evidence linking the defendant to the crime and a single witness identified the defendant as the perpetrator of a shooting. At trial, the reliability of the eyewitness was attacked because the witness was a convicted felon, had been under psychiatric care, had initially lied to the police, gave a description that did not match the defendant, had perjured herself during motion hearings, and had changed her story about the crime scene and the number of shots she heard. Despite this lengthy list of deficiencies, this Court held that it was within the jury’s discretion to believe the witness’ testimony.
 
 Id.
 
 at 285.
 

 In this case, the jury heard testimony from the victim, who knew the defendant from attending school with him. Over the course of several hours, the victim had an opportunity to see and hear the perpetrators. He made positive and consistent identifications that this defendant was one of the men who robbed and kidnapped him. If believed by the jury, this testimony was sufficient to prove identity. Under the
 
 Jackson
 
 standard, viewing the evidence in the light most | (¡favorable to the pi'osecution, a rational trier of fact could have concluded that the defendant was guilty of armed robbery and aggravated kidnapping. For these reasons, we find the evidence provided at trial was sufficient to support defendant’s convictions.
 

 Assignment of Error Number One
 

 In his first assignment of error, defendant argues the trial court erred in not granting his Motion to Suppress the Identification because the photographic lineup was improperly suggestive.
 

 The defendant argues in his appellate brief that the lineup photo array is not included in exhibits and thus not reviewable by this Court. This factual contention is contradicted by a review of the district court record prepared for appeal. This exhibit is present in the record on appeal and is reviewable by this Court.
 

 At the motion to suppress hearing, Detective Keith Forsythe testified regarding the selection of photographs and manner in which they were presented to the victim. He did not consider the photographs suggestive and noted that the six photographs in the array were all of black males with dreadlocks, around the same age, with thin mustaches. Forsythe testified that he utilized the automated fingerprint identification system (AFIS) by entering physical descriptions that resembled the suspect. The defendant’s picture was already in the AFIS system when the photo array was compiled. Forsythe informed the victim that it was possible that a suspect might not be in one of the photographs.
 

 After hearing testimony from both the investigating detective and the victim and viewing the photographic lineup, the trial court denied the motion to suppress the identification.
 

 A trial judge’s finding of fact in ruling on a motion to suppress identification is afforded great deference and may not be overturned in the absence of manifest 17error.
 
 State v. Higgins,
 
 03-1980, pp. 20-21 (La.4/1/05), 898 So.2d 1219, 1233,
 
 cert. denied,
 
 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005).
 

 
 *531
 
 In raising a challenge to identification procedures, the burden of proof is on the defendant to establish that the identification was suggestive and that there was a substantial likelihood of mis-identification.
 
 State v. Calloway,
 
 97-796, p. 10 (La.App. 5 Cir. 8/25/98), 718 So.2d 559, 565,
 
 'writs denied,
 
 98-2435 and 98-2438 (La.1/8/99), 734 So.2d 1229, The admissibility of an identification is controlled by
 
 Manson v. Brathwaite,
 
 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). Under this standard, viewing the evidence from a totality of the circumstances, the trial court should consider whether suggestiveness presents a substantial likelihood of misidentification. This review is based on five specific factors:
 

 1) the opportunity of the witness to observe the perpetrator at the time of the crime,
 

 2) the witness’ degree of attention at the time of the crime,
 

 3) the accuracy of his prior description of the offender,
 

 4) the level of certainty displaced at the confrontation, and lastly,
 

 5) the time between the crime and the confrontation.
 

 Id.
 
 at 115, 97 S.Ct. at 2253.
 

 The victim and witness in this case had a lengthy opportunity to view the perpetrators of the crime. His degree of attention was heightened, his description of the offender was accurate, he was certain of his identification, both in selecting the defendant’s photograph and in identifying him in court, and the time between the crime and the identification was short. Thus, all of the factors set forth in
 
 Manson v. Brathivaite
 
 were present.
 

 The defendant’s short argument related to the lineup is bolstered solely by reference to defense counsel’s questions of the police officer at the motion to suppress hearing. The defendant directs this Court’s attention to counsel’s 18question of the police officer as to whether the defendant’s lineup photograph was larger than other photographs. The officer’s response was that the photograph was not bigger than the other photographs. At the conclusion of the trial, the jury was specifically instructed that statements and arguments of counsel were not evidence.
 

 We have reviewed the photographic lineup which is contained in the record on appeal and is viewable by the Court. We find the defendant’s photograph in the lineup was not larger than the other photographs, as argued by defendant. However, we do note that defendant’s face does appear slightly larger in his photograph than the others’ faces. However, we find this slight difference did not present a substantial likelihood of misidentification and, using the factors set forth in
 
 Manson v. Brathwaite, supra,
 
 the victim’s identification of defendant was reliable. Therefore, we find the trial court correctly denied the motion to suppress.
 

 Pro Se Assignment of Error
 

 In his pro se brief, defendant argues that the trial court erred in failing to wait the statutorily mandated period between denying defendant’s motions for new trial and post-verdict judgment of acquittal and sentencing.
 

 Pursuant to LSA-C.Cr.P. art. 873, if a motion for new trial is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. The transcript of sentencing in this case shows that the trial court denied the motion for new trial and sentenced the defendant immediately thereafter. There was no waiver of delays, nor was there an objection to the imposition of sentence.
 

 In
 
 State v. Jones,
 
 07-271 (La.App. 5 Cir. 10/30/07), 970 So.2d 1143, 1149, this Court
 
 *532
 
 noted the general rule that where a defendant challenges a non-mandatory sentence and the delay is not waived, his sentence must be vacated and the ease remanded for resentencing. The Court also noted that the Supreme Court of Louisiana has held:
 

 | ([Although C.Cr.P. art. 873 unequivocally requires the trial court to delay imposition of sentence for a period of at least 24 hours after denial of post-trial motions, there has been no objection raised regarding the sentence imposed in this case and no showing or suggestion that defendant was prejudiced by the failure to observe the delay. Judicial efficiency therefore dictates that this court need not follow the useless formality of remanding for reimposition of a sentence which has not been challenged.
 

 Id.
 
 at 1149-50, quoting
 
 State v. White,
 
 404 So.2d 1202, 1204 (La.1981).
 

 In this case, the defendant was sentenced to the mandatory minimum sentence of life in prison on the conviction of aggravated kidnapping. He was sentenced within the statutory limits for the conviction of armed robbery. He made no contemporaneous objection to his sentence on either conviction, nor does he raise issues on appeal with regard to his sentences. In light of the lack of objection or prejudice, we find that this error is harmless and does not require remand.
 

 Error Patent Review
 

 This Court routinely reviews the record for errors patent regardless of whether the defendant requests such a review, pursuant to LSA-C.Cr.P. art. 920,
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975), and
 
 State v. Weiland,
 
 556 So.2d 175 (La. App. 5 Cir.1990).
 

 In this case, we note one patent error, in addition to the failure to delay sentence after the denial of the motion for new trial discussed above. Although the commitment order states that the defendant was informed of the time for seeking post-conviction relief, the transcript contains no advice of rights for seeking post-conviction relief. Generally, where there is a discrepancy between the minutes and the transcript, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La. 1983). Therefore, we find the trial court failed to inform the defendant of the prescriptive period for filing post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8(C). We remand this matter and order the district court to properly inform the defendant of the time limits for seeking post-conviction relief by sending Imwritten notice to the defendant within ten days of the rendition of the appellate opinion, and to file written proof that the defendant received the notice in the record.
 

 CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS.