ROBERT M. MURPHY, Judge.
12Pefendant, Kevin Alexander, Jr., appeals his March 21, 2012 conviction for one count of armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3, alleging that the evidence adduced at trial was insufficient to find him guilty of armed robbery with a firearm beyond a reasonable doubt. Specifically, defendant contends that it was manifestly erroneous for the jury to find him guilty based upon the testimony of the victim, where the evidence established that the victim is a known drug addict with a history of reporting people for committing crimes. For the reasons that follow, we find defendant’s assignment of error to be without merit and affirm his conviction and sentence.
FACTS AND PROCEDURAL HISTORY
Defendant, Kevin Alexander, Jr., was charged by bill of information with armed robbery with a firearm, in violation of La. R.S. 14:64 and 14:64.3. He pled not guilty at arraignment. Prior to trial, defendant filed a motion to suppress identification, which was denied by the trial court on December 1, 2011. On |3March 20, 2012, the case proceeded to a two-day jury trial. The following evidence was admitted at trial.
The victim, Ronald Joseph, recalled that on March 18, 2011, while on his way home from work, he stopped at an “In & Out” store in Reserve, Louisiana to cash his paycheck. Once Mr. Joseph arrived at his trailer home, he used approximately $220.00 of his paycheck to pay his rent and placed the remaining amount of $524.00 underneath the sofa in his trailer. Mr. Joseph gave his rent money to his neighbor, “McGuffy,” because his landlord was not home. When he dropped his rent money off to McGuffy, they had a “couple of beers” and then Mr. Joseph went home.
When Mr. Joseph arrived at his trailer, he found defendant in his trailer. Mr. Joseph testified that defendant put a gun to his head and said “give me your money.” He told defendant he did not have any money, at which point defendant cocked his gun and replied “yeah, you got money cause you just got paid.” Mr. Joseph then went and retrieved the $524.00 from underneath his sofa and gave it to defendant. The victim testified that defendant told him he needed «the money to buy his “little girl some stuff,” to which the victim responded “why didn’t you come just ask because I know you all of my life?” Mr. Joseph testified that he has known defendant and his family since defendant was a small child. Before leaving Mr. Joseph’s trailer, defendant told Mr. Joseph “I ought to kill you because I know you usually calling the police on, on people anyway.” Mr. Joseph explained that this statement must have been related to the fact that he had been robbed on three prior occasions by his nephew, his brother and a man named Mr. Tuco, and that he had reported all three crimes to the police at the time they occurred.
After defendant left, Mr. Joseph remained in his trailer for some time because he feared for his life and did not know if defendant was waiting outside for |4him. Mr. Joseph did not call the police while in his trailer because he did not own a phone. When he finally left his trailer, he went to McGuffys house to use his phone to call the police; however, since McGuffy was not home, he went down the street to his *701 cousin’s house and called the police using her phone.
Deputy Christopher Powell, patrol deputy for the St. John Sheriffs Office, testified that he was dispatched to Mr. Joseph’s residence on the night of the incident, at which time Mr. Joseph identified defendant as the individual who entered his trailer, put a gun to his head and took money from him. Mr. Joseph was taken to the police station where he gave a statement and identified defendant from a photographic lineup. During the trial, Mr. Joseph again identified defendant as the individual who robbed him during the incident in question.
Mr. Joseph also testified that he ran into defendant’s father, Kevin Alexander, Sr., before trial and Mr. Alexander apologized for what had happened between him and his son and offered to pay Mr. Joseph $500.00 to drop the charges against his son, which Mr. Alexander confirmed at trial.
On cross-examination, Mr. Joseph was questioned repeatedly about whether he used crack cocaine, which Mr. Joseph consistently denied. Kevin Alexander, Sr., defendant’s father, testified that he has known Mr. Joseph for sixteen years and that he is known as a crack addict. However, Mr. Alexander admitted that he has never observed Mr. Joseph use drugs.
Defendant called two additional witnesses to testify as to Mr. Joseph’s alleged crack addiction. The first witness was Terrell Noel, an inmate at the Phelps Correctional Center who, at the time of trial, testified that he was currently serving a two-year sentence for his third marijuana conviction. Mr. Noel testified that he had known Mr. Joseph his “whole life” and that he has seen Mr. Joseph use |fidrugs. Mr. Noel further testified that Mr. Joseph told him that defendant did not rob him, only that defendant “took his money from him.”
Defendant also called Dedrick Labranch to testify regarding Mr. Joseph’s alleged crack addiction. When asked whether he has known Mr. Joseph to be a crack addict, Labranch answered affirmatively and stated that Mr. Joseph’s reputation in the community is that he smokes crack and is a drug addict. However, Mr. Labranch admitted that he had never actually witnessed Mr. Joseph smoke crack. Mr. La-branch also testified that he has been friends with defendant his entire life, and that defendant’s mother asked him to testify in court. He also admitted that while visiting defendant in jail, he told defendant that he “hopes he beats” the charge.
After the conclusion of the evidence on March 21, 2012, a 12-person jury found defendant guilty as charged. On May 14, 2012, the trial court denied defendant’s Motion for Judgment of Acquittal or Alternatively for a New Trial. On that same date, the trial court sentenced defendant to 27½ years at hard labor without the benefit of parole, probation, or suspension of sentence, with credit for time served. The trial court later clarified that five years of the 27½ sentence was imposed pursuant to the five-year firearm enhancement provided in La. R.S. 14:64.3. Defendant now files the instant appeal challenging his conviction on sufficiency grounds.
DISCUSSION
In his sole assignment of error, defendant contends that the district court erred when it accepted the jury’s guilty verdict because the evidence was insufficient to find him guilty of armed robbery with a firearm due to the State’s failure to prove beyond a reasonable doubt that defendant was the perpetrator of the armed robbery reported by Mr. Joseph, or that an armed robbery even occurred. | ^Specifically, de *702 fendant contends that it was manifestly erroneous for the jury to find him guilty based upon the testimony of Mr. Joseph where the evidence establishes that Mr. Joseph is a known drug addict, and has a history of reporting people for committing crimes.
In response, the State argues that through the eyewitness testimony of the victim, Mr. Joseph, it proved beyond a reasonable doubt that defendant was the perpetrator of the armed robbery at issue. The State further asserts that Mr. Joseph’s credibility is to be determined by the trier of fact, who, in this case, chose to believe Mr. Joseph despite defendant’s attempts to discredit his testimony. The State also maintains that all of the elements of the charged crime were proven and that the evidence was sufficient to support defendant’s conviction for armed robbery with a firearm.
The appropriate standard of review for determining the sufficiency of the evidence was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). According to Jackson, the standard is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. Under the Jackson standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at trial established guilty beyond a reasonable doubt. State v. Flores, 10-651 (La.App. 5 Cir. 5/24/11); 66 So.3d 1118, 1122.
Rather, the reviewing court must decide, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.; Jackson, 443 U.S. at 319, 99 S.Ct. 2781; See also State v. Ortiz, 96-1609, p. 12 (La.10/21/97); 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Holmes, 98-490, p. 3 (La.App. 5 Cir. 3/10/99); 735 So.2d 687, 690. It is not the function of the appellate court to assess credibility or re-weigh the evidence. State v. Smith, 94-3116, p. 2 (La. 10/16/95); 661 So.2d 442, 443. The trier of fact shall evaluate credibility, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. State v. Bradley, 03-384 (La.App. 5 Cir. 9/16/03); 858 So.2d 80, 84, writ denied, 2003-2745 (La.2/13/04); 867 So.2d 688.
Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact can be inferred according to reason and common experience. State v. Williams, 05-59, p. 5 (La.App. 5 Cir. 5/31/05); 904 So.2d 830, 833. When circumstantial evidence is used to prove the commission of an offense, La. R.S. 15:438 provides that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” State v. Wooten, 99-181, p. 4 (La.App. 5 Cir. 6/1/99); 738 So.2d 672, 675, writ denied, 99-2057 (La.1/14/00); 753 So.2d 208. This is not a separate test from the Jackson standard, but rather provides a helpful basis for determining the existence of reasonable doubt. Id. All evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. Wooten, 99-181 at 4-5, 738 So.2d at 675.
In order to prove the charged offense of armed robbery with a firearm under La. 14:64.3, the State must prove beyond a reasonable doubt that the defendant took *703 “anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon,” and that “the dangerous weapon used in the commission of the crime of armed robbery is a firearm.” State v. Duncan, 09-232, pp. 7-8 (La.App. 5 Cir. 11/10/09); 28 So.3d 410, 415; See also La. R.S. 14:64 and La. R.S. 14:64.3.
Property that is taken is considered under the victim’s control when the victim could have prevented the taking had he not been subjected to the robber’s violence or intimidation. State v. Martin, 07-1035, p. 6 (La.App. 5 Cir. 10/28/08); 996 So.2d 1157, 1160 (citing State v. Mason, 403 So.2d 701, 704 (La.1981)). The State need not prove that the property taken was owned by the victim, but only that the accused was not the owner and the victim had a greater right to the item than the accused. Martin, supra. Furthermore, the act of pointing a gun at a victim is sufficient to prove the element of force or intimidation for purposes of armed robbery. Id.
In addition to proving the statutory elements of the charged offense at trial, the State is required to prove defendant’s identity as the perpetrator. State v. Draughn, 05-1825, p. 8 (La.1/17/07); 950 So.2d 583, 593, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007); State v. Ingram, 04-551, p. 6 (La.App. 5 Cir. 10/26/04); 888 So.2d 923, 926. Where the key issue is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. Id.
A positive identification by only one witness is sufficient to support a conviction. State v. Williams, 08-272, p. 4 (La.App. 5 Cir. 12/16/08); 3 So.3d 526, 529, writ denied, 09-0143 (La.10/16/09); 19 So.3d 470. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a requisite factual finding. State v. Caffrey, 08-717, p. 5 (La.App. 5 Cir. 5/12/09); 15 So.3d 198, 202, writ denied, 09-1305 (La.2/5/10); 27 So.3d 297 (citation omitted).
lain this case, defendant challenges his identity as the perpetrator of the offense, as well as whether the crime was actually committed. Defendant argues that Mr. Joseph’s testimony regarding the alleged robbery should be discredited based upon the testimony of several witnesses at trial regarding Mr. Joseph’s alleged drug addiction. Defendant contends that the testimony regarding Mr. Joseph’s alleged drug use supports his claim that Mr. Joseph fabricated the alleged armed robbery. Additionally, although defendant acknowledges that Mr. Joseph identified him as the robber, he argues that the evidence shows that Mr. Joseph only did so to avoid paying a debt owed to defendant. We find no merit in defendant’s assignment.
In State v. Cowart, 01-1178 (La.App. 5 Cir. 3/26/02); 815 So.2d 275, writ denied, 02-1457 (La.5/9/03); 843 So.2d 387, there was no physical evidence linking the defendant to the crime and a single witness identified the defendant as the perpetrator of a shooting. At trial, the reliability of the eyewitness was attacked because the witness was a convicted felon, had been under psychiatric care, had initially lied to the police, gave a description that did not match the defendant, had perjured herself during motion hearings, and had changed her story about the crime scene and the number of shots she heard. Despite this lengthy list of deficiencies, this Court held that it was within the jury’s discretion to *704 believe the witness’s testimony. Id. at 285.
In the present case, Mr. Joseph testified that after he returned from his neighbor, McGuffys, house on March 18, 2011, he found defendant inside his trailer. Mr. Joseph testified that defendant put a gun to his head, cocked it, and demanded his money. In fear for his life, Mr. Joseph gave defendant the $524.00 he had hidden under the sofa. When the police arrived, Mr. Joseph told Deputy Powell that defendant had robbed him. Mr. Joseph testified that he has known |10defendant since defendant was a small child. Additionally, while at the police station, Mr. Joseph immediately identified defendant from a photographic line-up as the person who robbed him at gun point.
Defendant called the following three witnesses to testify as to Mr. Joseph’s alleged crack addiction: (1) Terrell Noel (a convicted felon); (2) Dedrick Labranch (defendant’s close friend); and (3) Kevin Alexander, Sr. (defendant’s father). However, Mr. Noel, a convicted felon, was the only witness who could testify that he actually witnessed Mr. Joseph use crack. Mr. Noel also testified that Mr. Joseph told Mr. Noel that defendant did not rob him, only that defendant “took his money from him.”
The jury was presented with the evidence regarding Mr. Joseph’s alleged drug use and chose to believe Mr. Joseph’s testimony despite defendant’s attempt to discredit him. The jury’s conclusion regarding the credibility of the witnesses is dependent upon its in-court observation, and when faced with a conflict in testimony, the jury is free to accept or reject, in whole or in part, the testimony of any witness. As we have stated previously, it is not the role of this Court to assess credibility or re-weigh evidence. Because a positive identification by one witness is sufficient to support a conviction, we find that despite the testimony regarding Mr. Joseph’s alleged drug use, the jury was within its discretion to believe Mr. Joseph’s testimony regarding the armed robbery.
Accordingly, after viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found defendant guilty of armed robbery with a firearm beyond a reasonable doubt.
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). No errors requiring corrective action were found.
^CONCLUSION
For the foregoing reasons, we affirm defendant’s conviction and sentence for armed robbery with a firearm.
AFFIRMED