MARC E. JOHNSON, Judge.
^Defendant, Wilson Bell, appeals his conviction for armed robbery with a firearm claiming the evidence was insufficient to prove his identity as the perpetrator. For the reasons that follow, we affirm his conviction and sentence.
Defendant was charged in a bill of information with armed robbery with a handgun in violation of La. R.S. 14:64 [1]. The *575 State subsequently filed a motion to invoke the firearm sentencing provision of La. R.S. 14:64.3.[2] Defendant pled not guilty and filed several pre-trial motions, including motions to suppress the identification, his statement, and the evidence, which were denied after a hearing. Defendant waived his right to a jury trial and proceeded to a bench trial on April 1329, 2014. The trial judge found Defendant guilty as charged, specifically finding Defendant used a firearm in the commission of the armed robbery. The trial court sentenced Defendant to a total of 25 years without benefit of parole, probation, or suspension of sentence, specifying the sentence was 20 years plus an additional five years under the firearm enhancement.
The State filed a multiple offender bill of information alleging Defendant to be a second felony offender based on a 2010 predicate conviction for simple burglary. Defendant denied the allegations of the multiple bill and a hearing was held. The trial court subsequently adjudicated Defendant a multiple offender. The trial court vacated Defendant’s original sentence and imposed an enhanced sentence of 49 ½ years without benefit of parole, probation or suspension of sentence.

FACTS

On the evening of September 24, 2011, Luis Medina arrived home from work when a car pulled up behind him and a man holding a gun exited the vehicle. The armed man approached Mr. Medina and started removing everything from his pockets. The man, who Mr. Medina later identified as Defendant, took his car keys and $160 cash out of his wallet. Defendant then left in Mr. Medina’s 2002 Hyundai Sonata. Mr. Medina immediately called 9-1-1 and reported the robbery.
Detective Marc Macaluso, with the Jefferson Parish Sheriffs Office (JPSO), was assigned to investigate the case. During his investigation, he located video surveillance from a neighbor’s house across the street from Mr. Medina’s residence, which captured the robbery. On September 26, 2011, Det. Macaluso entered Mr. Medina’s license plate information into the Automatic License Plate Recognition (ALPR) system. The ALPR system registered two hits matching Mr. Medina’s license plate, one from the night of the robbery and a “live” one at [41:58 p.m. on September 26, 2011. As a result of the ALPR information, police located Mr. Medina’s vehicle at the Oakwood Shopping Center. The police set up surveillance on the vehicle and observed five black males, all wearing khaki pants and white button-down shirts, exit the mall and enter the vehicle. The police “took down the vehicle” and took all five occupants into custody.[3]
Det. Macaluso interviewed three of the occupants, two of whom, David Taylor and Emanuel Lee, identified Defendant as the gunman and driver in the earlier armed robbery of the vehicle. Thereafter, Det. Macaluso obtained an arrest warrant for Defendant, who was not among the five *576 occupants of the vehicle at the time of the “take down.” Later, the victim also identified Defendant in a photographic lineup as the person who robbed him.
Defendant was subsequently arrested at his residence, after trying to flee through a side window when police knocked on the door. Defendant gave a statement after waiving his rights, denying any involvement in the armed robbery.
Mr. Medina’s vehicle was- later processed for evidence. A sweatshirt found in the backseat was analyzed for DNA evidence. The sweatshirt contained a mixture of DNA from three individuals: Taylor and Lee were excluded as possible donors, but Defendant could not be excluded as a possible donor.
. At trial, Taylor testified that on the night of the robbery, Defendant picked him and Lee up from their respective homes and they went to a gas station. They left the gas station and drove into a neighborhood with Defendant driving, Lee as the front seat passenger and Taylor as the backseat passenger. Taylor overheard Defendant and Lee saying, “Let’s get him,” and then Lee said something out of the window. According to Taylor, Defendant jumped out of the car with a gun that had been in his waistband and robbed the victim. Defendant left the scene in the |fivictim’s car, while Lee drove Taylor and himself away in the car in which the trio had arrived. Taylor stated there had been no prior discussion of a robbery and that he did not know the victim.
Taylor testified that he saw Defendant driving the stolen vehicle the next day. Two days after the robbery, on September 26, 2011, Defendant drove Taylor to school at Algiers Technology Academy in the stolen vehicle and left the vehicle and keys with him while Defendant went to school at 0. Perry Walker. That same day, Taylor drove four of his friends in the stolen vehicle to Oakwood Shopping Center at which time they were stopped by the police. Taylor testified that he gave a statement to the police on the day of his arrest and that his statement contained the same information to which he testified at trial. He stated that in exchange for his testimony at trial, his charges were reduced to accessory after the fact to armed robbery.
Defendant testified at trial and denied robbing the victim. He claimed he was at his aunt’s house in New Orleans East filling out college applications on the night of the robbery and did not arrive home in Algiers until around midnight or 1:00 a.m. Defendant’s aunt did not testify at trial and the college application documents that Defendant claimed he was reviewing with his aunt were dated July 18, 2011, two months before the armed robbery. Defendant further denied ever being in the stolen vehicle and denied taking Taylor to school on the Monday after the robbery.

DISCUSSION

In Defendant’s sole assignment of error, he challenges the sufficiency of the evidence in establishing his identity as the perpetrator of the armed robbery. He contends David Taylor’s testimony was self-serving and that the sole purpose of his adverse testimony was to negotiate a lenient sentence for his participation in the | ^robbery. Defendant also asserts there were discrepancies between the victim’s description of the perpetrator and the person the victim identified in the photographic lineup.
The standard of review for determining the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, *577 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt, but rather whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. State v. Flores, 10-651, (La.App. 5 Cir. 5/24/11); 66 So.3d 1118, 1122.
In this case, Defendant was convicted of armed robbery with a firearm. He does not contest that the State failed to prove any of the essential statutory elements of the offense,[4] but rather only challenges his conviction on the basis the evidence was insufficient to prove his identity as the perpetrator of the offense.
Encompassed within proving the elements of an offense is the necessity of proving the identity of the defendant as the perpetrator. State v. Ray, 12-684 (La.App. 5 Cir. 4/10/13); 115 So.3d 17, 20, writ denied, 13-1115 (La.10/25/13); 124 So.3d 1096. Where the key issue is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. Id.
|7A positive identification by only one witness is sufficient to support a conviction of armed robbery. State v. Alexander, 12-836 (La.App. 5 Cir. 5/23/13); 119 So.3d 698, 703, writ denied, 13-1981 (La.3/21/14); 135 So.3d 614. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient to support a requisite factual finding. Id.
To prove Defendant’s identity as the perpetrator, the State presented the testimony of the victim and David Taylor. The victim testified that at the time of the incident, the light on his front porch was on and he was able to see the assailant’s face clearly. He stated that he saw the perpetrator’s face twice, once when he was coming straight at the victim and again when the perpetrator returned seeking the victim’s help in turning off the car alarm. The victim noted that the perpetrator had nothing covering his face. He described the assailant to police as having long dreadlocks and a goatee. Two days after the incident, the victim positively identified Defendant in a photographic lineup as the person who robbed him. He testified that he had no doubt about his identification of Defendant, and he again identified Defendant in court as the perpetrator.
Additionally, Taylor testified that he was with Defendant during the robbery. On the night of his arrest, Taylor gave a statement to police stating that Defendant was the gunman in the robbery and that he remained in the vehicle during the incident. Taylor confirmed Defendant’s identification for the police when Det. Ma-caluso presented him with a single color photograph of Defendant, known as a confirmation identification.
Defendant first contends the victim’s description of the perpetrator immediately after the robbery did not match the person he identified in the | Rphotographic lineup. He maintains there was a discrepancy over the length of the dreadlocks and the presence of gold teeth.
The record shows that Defendant cross-examined the victim extensively about his identification. When recalled by Defendant, Det. Macaluso testified that the vic *578 tim told him that the perpetrator had long dreadlocks half-way down his back. The photograph of Defendant used in the lineup showed Defendant with shoulder-length dreadlocks. Defendant questioned the victim about this apparent discrepancy and the victim explained that he simply stated the perpetrator had long dreadlocks and did not specify that the dreadlocks went half-way down the back. Defendant also questioned the victim about his description of the perpetrator as having gold teeth, which Defendant apparently does not have. The victim explained that the police misunderstood him because of his accent and thought he said “gold teeth” instead of “goatee.”
Defendant next argues that Taylor’s testimony was unreliable because it was self-serving. On cross-examination, Defendant questioned Taylor about his testimony and identification of Defendant as the gunman. Taylor admitted that he received a reduced charge of accessory after the fact to armed robbery in exchange for his testimony against Defendant. However, Taylor testified that his testimony at trial was the same as his statement to police at the time of his arrest two days after the robbery.
In State v. Allen, 10-430 (La.App. 5 Cir. 2/15/11); 62 So.3d 156, writ denied, 11-641 (La.3/2/12); 83 So.3d 1039, we found sufficient evidence to support the defendant’s armed robbery conviction even though one of the witnesses against the defendant was his a co-perpetrator, whose version of events the defendant claimed was unreliable because he received a “sweetheart deal” for testifying against the defendant. We noted that it is not the function of the 1 ^appellate court to assess the credibility of witnesses or to re-weigh the evidence absent impingement on the fundamental due process of law. Id. at 161. We further noted that in the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient support a requisite factual conclusion. Id.
The trier of fact shall evaluate the witnesses’ credibility, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. State v. Allen, 62 So.3d at 161. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of witnesses, this is a matter of the weight of the evidence, not its sufficiency. State v. Miller, 11-498 (La.App. 5 Cir. 12/13/11); 84 So.3d 611, 617, writ denied, 12-176 (La.9/14/12); 97 So.3d 1012.
In this case, the trial court was presented with the testimony of the victim, Taylor (one of the co-perpetrators of the robbery), and Det. Macaluso (the investigating officer). Three people, the victim, Taylor, and Lee, identified Defendant as the gunman in the armed robbery. While the trial court also heard testimony from Defendant, who denied any participation in the robbery and who claimed to be elsewhere at the time, it clearly found the testimony of the State’s witnesses to be more credible and accepted their testimony over the uncorroborated testimony of Defendant. Viewing the evidence in the light most favorable to the prosecution, we find the evidence was sufficient to establish Defendant’s identification as the perpetrator of the armed robbery beyond a reasonable doubt.

ERRORS PATENT

The record was reviewed for errors patent in conformity with La.C.Cr.P. art. 920. We note that the trial court failed to impose the mandatory additional five |inyears imprisonment under La. R.S. 14:64.3 when it sentenced Defendant as a second felony *579 offender; thus, Defendant received an illegally lenient sentence.
Defendant was convicted of armed robbery with a firearm. He was originally sentenced to 20 years under La. R.S. 14:64, and an additional five-year consecutive sentence pursuant to La. R.S. 14:64.3. The trial court subsequently adjudicated Defendant a second felony offender. Accordingly, the trial court vacated Defendant’s original sentence and imposed an enhanced sentence of 49 ⅜ years under La. R.S. 15:529.1, which was the mandatory minimum.[5]
Under La. R.S. 14:64.3,
[w]hen the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
The separate, consecutive sentence enhancement required by La. R.S. 14:64.3 applies to enhanced sentences imposed under La. R.S. 15:529.1, when the underlying conviction is an armed robbery with a firearm. State v. King, 06-1903 (La.10/16/07); 969 So.2d 1228, 1232; State v. Johnson, 08-1156 (La.App. 5 Cir. 4/28/09); 9 So.3d 1084, 1094, writ denied, 09-1394 (La.2/26/10); 28 So.3d 268.
In cases' where the minimum enhanced sentence under the multiple offender laws was not imposed and the underlying conviction was an armed robbery with a firearm, courts have found the sentence to be indeterminate and have remanded for resentencing for clarification of whether the defendant’s sentence includes the additional five-year sentence required by La. R.S. 14:64.3. See State v. Bonney, 12-175 (La.App. 4 Cir. 11/14/12); 103 So.3d 746; State v. Long, 11-313 (La.App. 5 Cir. 12/13/11); 81 So.3d 875, 881. In this case, because Defendant received the | n mandatory minimum enhanced sentence of 49 ½ years under La. R.S. 15:529.1 and there was no request or discussion of a downward deviation, the trial court clearly did not include the mandatory five-year consecutive sentence under La. R.S. 14:64.3. Thus, we find Defendant’s sentence to be illegally lenient as opposed to indeterminate.
Pursuant to La.C.Cr.P. art. 882, an appellate court may correct an illegal sentence at any time, even though the corrected sentence is more onerous and the State fails to raise the issue on appeal. State v. Williams, 00-1725 (La.11/28/01); 800 So.2d 790, 798. However, this authority is permissive rather than mandatory. State v. Ventris, 10-889 (La.App. 5 Cir. 11/15/11); 79 So.3d 1108, 1128, writ denied, 13-1532 (La.4/17/14); 138 So.3d 616. In this case, the State failed to raise this issue on appeal. As such, we decline to correct Defendant’s illegally lenient sentence by adding an additional five-year sentence under La. R.S. 14:64.3.

DECREE

For the foregoing reasons, we find there was sufficient evidence regarding Defendant’s identity as the perpetrator of the armed robbery and, therefore, affirm his conviction and sentence.

*580
CONVICTION AND SENTENCE AFFIRMED.

. Co-defendants Emanuel Lee and David Taylor were also charged with armed robbery, *575 which was later amended as to these two co-defendants to accessory after the fact to armed robbery. Three other co-defendants, Kevin Dillion, Jacaren Sanders and Jacob Ni-mox, were also charged in the same bill of information with unauthorized use of a motor vehicle.

. The firearm enhancement provision of La. R.S. 14:64.3 need not be charged in the bill of information, but is properly invoked when the State files a written notice of its intent to use La. R.S. 14:64.3. State v. Fuller, 07-319 (La.App. 5 Cir. 2/19/08); 980 So.2d 45, 53 n. 4, writ denied, 08-705 (La.10/10/08); 993 So.2d 1282.

. Two of the occupants tried to flee but were stopped within a few feet.

. Because Defendant does not raise any issue relating to the sufficiency of the evidence with respect to the statutory elements, we do not address the evidence as it relates to each essential element. See State v. Henry, 13-558 (La.App. 5 Cir. 3/26/14); 138 So.3d 700, 715.

. As a second felony offender, Defendant faced a sentencing range of 49⅜ years to 198 years. La. R.S. 15:529.l(A)(l);La. R.S. 14:64.