STATE OF LOUISIANA

VERSUS

KEVIN ALEXANDER

NO. 19-KA-116

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 11,265, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

October 02, 2019

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Stephen J. Windhorst

<u>**AFFIRMED**</u>
**RAC**
**FHW**
**SJW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Bridget A. Dinvaut
    Justin B. LaCour

COUNSEL FOR DEFENDANT/APPELLANT,
KEVIN ALEXANDER
    Emily Posner

**CHAISSON, J.**

In this appeal, defendant, Kevin Alexander, seeks review of the thirty-two year sentence that was imposed as a result of his guilty plea to manslaughter. For the reasons that follow, we find no merit to the arguments raised by defendant relating to his sentencing, and accordingly, we affirm his conviction and sentence.

## STATEMENT OF THE CASE

On August 15, 2011, a St. John the Baptist Parish Grand Jury returned an indictment charging defendant with second degree murder, in violation of La. R.S. 14:30.1. Defendant pled not guilty at the arraignment. However, on March 14, 2016, defendant withdrew his not guilty plea and, after being advised of his rights, pled guilty to the amended charge of manslaughter, in violation of La. R.S. 14:31. The trial court thereafter sentenced defendant, in accordance with the plea agreement, to imprisonment for thirty-two years in the Department of Corrections.[1] The trial court ordered the sentence to be served in accordance with La. R.S. 15:571.3(D), in that defendant would not be eligible for diminution of sentence since this was his second crime of violence, and further ordered the sentence to run concurrently with defendant's other sentences. Defendant was subsequently granted an out-of-time appeal[2] and now seeks review of his sentence.

---

[1] This Court has held that when the trial judge states that the defendant is sentenced to the "Department of Corrections," the sentence is necessarily at hard labor. *State v. Jamison*, 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 909 n.2.

[2] On March 13, 2018, defendant filed an application for post-conviction relief, in which he raised claims relating to ineffective assistance of counsel, an unconstitutional guilty plea, and an unconstitutionally excessive sentence. The trial court denied relief on relator's application for post-conviction relief on May 16, 2018. Defendant thereafter filed a motion for reconsideration of this denial, which the trial court denied on June 14, 2018. Defendant filed a writ application with this Court challenging both denials. On August 28, 2018, this Court granted defendant's writ application for the limited purpose of vacating the trial court's May 16, 2018 and June 14, 2018 orders and remanding the matter for the trial court to construe defendant's application for post-conviction relief as a request for an out-of-time appeal. *See Kevin Alexander, Jr. v. Robert Tanner, Warden*, 18-KH-475 (La. App. 5 Cir. 8/28/18) (unpublished writ disposition). In response to this Court's disposition, the trial court, on September 11, 2018, granted defendant's motion for out-of-time appeal.

19-KA-116                              1

First, defendant contends that his sentence of thirty-two years at hard labor is unconstitutionally excessive, noting that the record "is replete with documentation that demonstrates his diminished culpability and capacity for rehabilitation." In support of his excessive sentence argument, defendant points out that he was only seventeen years old at the time of the offense and further that he had many mitigating factors in his background that the trial court was unaware of at the time of sentencing. In particular, defense counsel notes that defendant suffered with undiagnosed traumatic brain injuries, post-traumatic stress disorder, and substance abuse disorders. Further, defendant was exposed to traumatic domestic abuse, drug use, and neglect that changed the trajectory of his life.

While we are sympathetic to the difficulties faced by this defendant, we nonetheless note that defendant, as part of a plea bargain with the State, agreed to the imposition of a thirty-two year sentence. The record reflects that defendant was originally charged with second degree murder, which exposed him to the possibility of life in prison. However, the State thereafter amended the charge to manslaughter, which substantially reduced defendant's sentencing exposure, and in exchange, defendant agreed to plead guilty. During the guilty plea proceedings, defendant was advised of his possible sentencing exposure of forty years and was further advised that upon acceptance of his guilty plea to manslaughter, he would be sentenced to imprisonment for a term of thirty-two years in the Department of Corrections with credit for time served from April 1, 2011, to June 16, 2011, and from July 18, 2011, to March 14, 2016. In addition, defendant was informed that his sentence would be served in accordance with La. R.S. 15:571.3(D), in that he would not be eligible for diminution of sentence since this was his second crime of violence, and that his sentence would run concurrently with other sentences being served. Defendant was thereafter sentenced in accordance with the plea agreement as set forth in the record at the time of the plea.

La. C.Cr.P. art. 881.2(A)(2) clearly states: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Defendant argues that Article 881.2(A)(2) does not and cannot categorically ban the appellate review of the constitutionality of a criminal sentence regardless of whether the court imposed the sentence in conformity with a plea agreement.[3] However, this Court has consistently and recently held in numerous cases that Article 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. *See State v. Carter*, 18-541 (La. App. 5 Cir. 5/29/19), 274 So.3d 831, 836; *State v. Lawrence*, 18-372 (La. App. 5 Cir. 5/15/19), 273 So.3d 548, 551; *State v. Cuza*, 18-716 (La. App. 5 Cir. 4/24/19), 271 So.3d 369, 375; and *State v. Black*, 18-494 (La. App. 5 Cir. 2/6/19), 265 So.3d 1014, 1017. During the guilty plea proceedings in the present case, the trial court specifically advised defendant of the restrictions set forth in Article 881.2(A)(2) as follows:

> By agreeing to this document, you also are telling the Court that you understand that you cannot appeal or seek the reconsideration or review of the sentence if it is imposed in conformity with this agreement. However, you do have 30 days after sentencing to file a Motion to Appeal a sentence, if it is something you have not bargained for or something you have not agreed to.

In the present case, the record is clear that defendant's sentence was imposed in conformity with the plea agreement that was set forth in the record at the time of the plea. Therefore, in accordance with Article 881.2(A)(2) and the well-established jurisprudence of this Court, defendant is now precluded from challenging his sentence on appeal.

---

[3] Defense counsel cites *State v. Jackson*, 07-975 (La. App. 5 Cir. 4/15/08), 985 So.2d 246, 251, in support of this contention. In *Jackson*, this Court found that the defendant was not entitled to appellate review of his sentences since they were in conformity with his plea agreements pursuant to Article 881.2(A)(2). However, this Court thereafter reviewed the defendant's sentences for constitutional excessiveness. We note that in *Jackson*, the defendant was specifically advised that he had thirty days to appeal his sentences, whereas in the instant case, the trial court informed defendant that he could not appeal or seek review of his sentence if it was imposed in conformity with the plea bargain agreement.

Next, defendant asserts that his sentence is illegal under the provisions of La. RS. 14:31 because the trial court denied him the opportunity for parole. Defendant requests that this Court amend his sentence to reflect parole eligibility. We have reviewed the record and find no support for defendant's assertion that the trial court sentenced him to thirty-two years without benefit of parole. Specifically, the transcript, the minute entry, the uniform commitment order, and the waiver of rights form do not reflect that the trial court restricted parole when sentencing defendant on his manslaughter conviction. Since there is no indication that the trial court restricted defendant's parole eligibility on the manslaughter conviction, there is nothing for this Court to amend.

Defendant contends that his current parole ineligibility is reflected on his "master prison record.[4]" However, "[v]enue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge." La. R.S. 15:571.15.

In his appellate brief, defendant also argues that the trial court erred by sentencing him without a sentencing hearing that complied with the United States Supreme Court decisions in *Miller v. Alabama*, 567 U.S. 460, 479, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012), and *Montgomery v. Louisiana*, -- U.S. -- , 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). Defense counsel asserts that defendant was only seventeen years old at the time of the crime and that he did not receive an individualized sentencing hearing that accounted for his social history and capacity to change.

---

[4] A review of the "DPS&C Corrections Services Master Record" dated March 5, 2018, shows that defendant is also serving a twenty-seven and one-half year sentence for armed robbery. That sentence was imposed without benefit of parole, probation, or suspension of sentence. *See State v. Alexander*, 12-836 (La. App. 5 Cir. 5/23/13), 119 So.3d 698, 701, *writ denied*, 13-1981 (La. 3/21/14), 135 So.3d 614.

With respect to an individualized sentencing hearing, in *Miller,* the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders, finding instead that the sentencing court must first hold a hearing to consider mitigating factors, such as a defendant's youth and attendant characteristics, before imposing this severe penalty.[5]

In the instant case, defendant was sentenced to thirty-two years at hard labor for a manslaughter conviction without restrictions on parole. He is not serving a life sentence or its functional equivalent, and therefore, he has not been deprived of a meaningful opportunity to secure release as a regular part of the rehabilitative process. As such, defendant is not entitled to an individualized sentencing hearing under *Miller v. Alabama*, *supra*.

Lastly, we have reviewed the record for errors patent and have found none that warrant correction. La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990).

For the reasons set forth herein, we find no merit to the arguments advanced by defendant, and accordingly, we affirm his conviction and sentence.

**AFFIRMED**

---

[5] To meet the requirements established in *Miller*, the Louisiana Legislature enacted La. C.Cr.P. art. 878.1, which sets forth the hearing procedure for determination of parole eligibility for certain juvenile offenders. *See State v. Smith*, 18-131 (La. App. 5 Cir. 10/17/18), 258 So.3d 973, 977, *writ denied*, 18-1959 (La. 4/15/19), 267 So.3d 1123.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 2, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
**MARY E. LEGNON**
INTERIM CLERK OF COURT

# 19-KA-116

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT          EMILY POSNER (APPELLANT)          JUSTIN B. LACOUR (APPELLEE)
(APPELLEE)

### MAILED
NO ATTORNEYS WERE MAILED